## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | Criminal Action No. 21-122 |
| | ) | (21-cr-122) |
| | ) | |
| GEORGE VLASTOS, | ) | Judge Cathy Bissoon |
| | ) | |
| Defendant. | ) | |

### *MILLER* NOTICE AND ORDER

On September 5, 2025, the Clerk of Court received a submission titled "Motion to Vacate, Set Aside and Correct Sentence pursuant to 28 U.S.C. § 2255."  Defendant has submitted two others, which have been docketed at Doc. 112 (July 30, 2025) and Doc. 115 (August 7, 2025).  The current submission appears materially similar to the one docketed at Doc. 115, but the one filed at Doc. 112 covers different grounds.

The serial submission of 2255-motions is inconsistent with binding precedent.  Federal law requires Defendant to file all federal claims challenging a specific conviction and sentence in one 2255-petition/motion.  *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999).  Any grounds not raised in a petition challenging a conviction and sentence cannot later be raised in a second or subsequent petition, absent:  (a) exceptional circumstances, and (b) certification by the Court of Appeals for the Third Circuit that a second or subsequent petition is permitted.

Upon receipt of a pro se petition challenging an inmate's conviction or incarceration, whether titled or styled as a "section 2255" motion or something else, the District Court should issue a notice to the petitioner explaining the effect of his pleadings.  *Id.* at 646.  The Court now issues notice under *Miller* ("*Miller* Notice").

This *Miller* Notice covers Defendant's conviction(s) and sentence(s) in this case and in 24-cr-214. They were entered together, as one, and challenges shall be made in one petition directed to the docket in **21-cr-122**. Cross-filing is unnecessary, and **the parties' filings shall list only "21-cr-122" in the caption**.[1]

Defendant has two options. He must choose one:

Option 1.        Defendant may have the first-filed Petition, at Doc. 112, ruled on as filed.

Option 2.        Defendant may withdraw the submissions at Doc. 112 and Doc. 115, and file one all-inclusive section 2255 petition, as long as it is still within the original one-year statutory period under the Antiterrorism Effective Death Penalty Act ("AEDPA").

**By October 8, 2025, Defendant shall file a "Statement of Intent,"** setting forth his intention to either: (1) have his Petition at Doc. 112 ruled on as filed – making all subsequent submissions, filed and unfiled, second or successive petitions (and thus requiring extraordinary circumstances and Circuit Court certification); or (2) withdraw his submissions at Docs. 112 and 115, and file one all-inclusive § 2255 petition (subject to the one-year statutory period prescribed by AEDPA).

**If Defendant elects Option 2**, the time for filing his single, all-inclusive § 2255 petition will be tolled by 30 days, thus making his all-inclusive petition **due within 30 days from the timely filing of his Statement of Intent.**

---

[1] To the extent that discussions relate only to a charge-of-conviction in one case or the other, this may be addressed in the body of the filing, not in the caption.

**If Defendant elects Option 1**, **or if he does not timely file a Statement of Intent**, the first-filed Petition, at Doc. 112, will be operative; and the submission at Doc. 115, and the unfiled submission received on September 5, 2025, will be deemed second or successive.[2]

Copies of Docs. 112 and 115, as docketed, have been included as enclosures to Defendant's mailing of this Order – along with a copy of the unfiled submission dated September 5, 2025. **If Defendant elects Option 2, any further submissions, beyond his single, all-inclusive § 2255 petition be will be deemed second or successive**.

Finally, the Court notes that its attempted mailing of an Order entered in Defendant's now-inoperative placeholder action[3] was returned to the Court, undelivered, with the notation, "Unable to Forward."  The same Order was mailed to Defendant under the case caption 21-cr-122, and that has not been returned undelivered.

Defendant's address of record has been entered consistent with the return-address on his envelopes of submission:

> George Vlastos
> 78465-509
> Low Security Correctional Institution
> P.O. Box 999
> Butner, NC  27509

This also is the facility listed for Defendant in the B.O.P.'s Inmate Locator website (https://www.bop.gov/inmateloc/).  The Court notes, however, that the facility has different P.O. Boxes for inmates housed at the "FCI" versus the "Camp":

---

[2] Court chambers will retain the unfiled submission pending Defendant's election.  If and as appropriate, it will be lodged on the docket and thus made part of the record.

[3] 2:25-cv-01158-CB.

# How to send things here

ⓐ Inmate Mail

Use the addresses below to send correspondence and parcels to inmates. Learn more about sending mail ›

For inmates at the FCI:

> INMATE NAME & REGISTER NUMBER
> FCI BUTNER LOW
> FEDERAL CORRECTIONAL INSTITUTION
> P.O. BOX 999
> BUTNER, NC  27509

For inmates at the Camp:

> INMATE NAME & REGISTER NUMBER
> FCI BUTNER LOW
> FEDERAL CORRECTIONAL INSTITUTION
> SATELLITE CAMP
> P.O. BOX 1000
> BUTNER, NC  27509

Defendant's filings indicate a return address with P.O. Box 999, and that is where the instant Order and enclosures will be sent.  **If changes to Defendant's address of record are appropriate or necessary, Defendant promptly shall file with the Clerk of Court a "notice of change of address."**

Defendant is solely responsible for keeping his address of record current and accurate. **Should non-compliance with these directives result in Defendant's failure to receive Court filings – or his failure to timely comply with Court orders – the failures will unexcused and to his prejudice.**

Once Defendant has made his election and acts in conformity with it, the Court will enter an order setting the government's deadline for a response.

IT IS SO ORDERED.


September 7, 2025                                          s/Cathy Bissoon
                                                          Cathy Bissoon
                                                          United States District Judge

cc (via First-Class U.S. Mail):

George Vlastos
78465-509
Low Security Correctional Institution
P.O. Box 999
Butner, NC  27509


cc (via ECF email notification):

All Counsel of Record